UNITED STATES of America
v.
Laddie SMITH, Appellant in No. 71–1185, Clark Lumpkin.

Appeal of Clark LUMPKIN, in No. 71–1186.
Nos. 71–1185, 71–1186.

United States Court of Appeals, Third Circuit.

Argued Sept. 14, 1971.

Decided Oct. 20, 1971.

---

Donald Rossetti, Martin, Finnegan & Rossetti, Monroeville, Pa., argued for appellant in No. 71–1185.

George E. Schumacher, Schumacher & White, Pittsburgh, Pa., for appellant in No. 71–1186.

W. Wendell Stanton, Asst. U. S. Atty., (Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before STALEY, ADAMS and ROSENN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Defendants, Smith and Lumpkin, were convicted by a jury of interstate transportation of a stolen motor vehicle and kidnapping.

On August 30, 1969, a car was stolen in Steubenville, Ohio and driven to Carnegie, Pennsylvania, where the ride was ended by a collision between the car and a truck. During the trip, Paul Settles, a hitchhiker, was picked up in Weirton, West Virginia and forced by the occupants to ramain in the car for the balance of the journey.

After the accident with the truck, Smith, Lumpkin, and a juvenile not involved in the present prosecution, were found wandering down the road by a local policeman and were taken to the Carnegie State Police Barracks. The hitchhiker, Settles, was also transported to the Barracks. Settles was then taken to a room in the Barracks where Smith, Lumpkin and their companion were the only Negroes present. Settles was asked if these were the men who picked him up, and he identified the three at this time and again at the trial.

The confrontation at the Barracks without counsel was a violation of the principles enunciated in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L. Ed.2d 1149 (1967). This Court has held that a pre-indictment line-up is a critical stage requiring the presence of counsel. Government of Virgin Islands v. Callwood, 440 F.2d 1206 (3d Cir. 1971). No exigent circumstances were present here to justify the actual procedure. *Id.*

In arguing for a new trial, however, Smith and Lumpkin have ignored the fact that their identity was not an issue at their trial, and therefore, even though admission into evidence of Settle's identification testimony might have been error, it certainly was harmless beyond a reasonable doubt. Chapman v.

California, 388 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Both defendants gave statements to the State Police which, while not admitting their active participation in the theft of the car and the kidnapping of Settles, clearly tended to place them in the car in question. At trial, Smith and Lumpkin each took the stand in his own defense and admitted his presence in the car. Under these facts, the *Chapman* rule applies and a new trial is not called for on this ground.

■ As a second reason for a new trial, defendants point out that during the charge to the jury, the trial court stated:

"You should know that the Court does realize the distinction between the facts in the Lindbergh case and the facts in this case and that in the imposition of sentence if we should get to that stage in the case, that the Court would take into account the facts and circumstances of the particular case."

Objection was made to this portion of the charge because of the prejudicial nature of the statement. Since sentencing is normally within the exclusive province of the trial court and not the jury, it might be argued that error was committed by including this statement in the charge. The District Court Judge, however, later told the jury:

"It is actually not a proper matter for consideration by the jury as to what the penalty would be. You are merely to determine the facts of the case and the guilt or innocence of the defendants."

This admonition cured the prejudice which may have resulted from the prior assertion. Under the rule of *Chapman*, we hold that the statement in the charge, if error, was harmless beyond a reasonable doubt.

In light of the foregoing, the judgments of the District Court will be affirmed.