UNITED STATES of America, Appellee,

v.

Larry Wayne PUGH, Appellant.

No. 77-1482.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 10, 1977.

Decided Dec. 14, 1977.

Rehearing Denied Feb. 1, 1978.

Lawrence J. Fleming of London, Greenberg & Fleming, St. Louis, Mo., for appellant.

Barry A. Short (former U.S. Atty.), and Michael W. Reap, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before GIBSON, Chief Judge, and BRIGHT, Circuit Judge, and TALBOT SMITH, Senior District Judge.[*]

PER CURIAM.

Larry Wayne Pugh appeals from his conviction on two counts of an indictment charging violation of 21 U.S.C. § 841(a)(1) by possessing cocaine and methamphetamine tablets with specific intent to distribute. After trial to the court, he was sentenced to concurrent terms of five years' imprisonment followed by three years of special parole. Pugh asserts the District Court[1] erred in denying his motion to suppress evidence seized from his car at the time of his arrest. He also challenges the sufficiency of the evidence of intent to distribute. After a careful review of the record, we conclude that the correct principles of law were applied and that the evidence of guilt was adequate to support the conviction. We affirm.

---

[*] The Honorable Talbot Smith, United States Senior District Judge, Eastern District of Michigan, sitting by designation.

[1] The Honorable John F. Nangle, United States District Judge, Eastern District of Missouri.

On February 10, 1977, at 4:00 a. m., Officers Allen and Fagg of the St. Louis Police Department observed a green station wagon driven by Pugh make an illegal left turn onto Gravois Avenue in St. Louis. Pugh was stopped and Officer Allen asked to see his driver's license. When Pugh stated he had left it at home, Officer Allen requested other identification. At this time Pugh was outside his car; he reached into a coat pocket and pulled out various papers and two plastic bags containing a white substance. Pugh immediately shoved the plastic bags back into his pocket. Based on his experience and training, Officer Allen correctly surmised the bags contained a controlled substance (cocaine). He retrieved the bags and arrested Pugh for drug violations.

The station wagon Pugh had been driving did not have license plates. Immediately after Officer Allen had taken the cocaine from Pugh, Officer Fagg approached the car and opened the door to obtain the vehicle identification number. On the passenger side floor he observed a partially open briefcase illuminated by a street lamp and his flashlight. Officer Fagg saw a book entitled "Cocaine" inside the briefcase. He then placed the briefcase on the seat of the car and examined its contents.

Items seized from the briefcase included: 110 methamphetamine tablets, glass vials, a small scale for items under one ounce in weight, razors, a glass mirror, a piece of Parenteral Products Division stationery containing apparent drug weight and price quotations, a calendar book containing a log of apparent drug distributions, a small funnel, small manila envelopes, and the book *Cocaine Consumers Handbook* by David Lee. Officer Allen testified in detail how the items seized and presented in evidence were suitable for the distribution of illegal drugs. In addition, it was shown that chemical analysis revealed traces of cocaine on several of the items of paraphernalia.

Pugh was convicted of Count I relating to cocaine and Count II relating to the methamphetamine tablets. Both counts relied on evidence seized from the briefcase to show intent to distribute. This evidence was admitted after a motion to suppress was denied.

■ The District Court, in unpublished memoranda, concluded that the items from the briefcase were admissible under the plain view doctrine. *Harris v. United States*, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); *Ker v. California*, 374 U.S. 23, 42–43, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963). This court has stated:

> In order to qualify for inclusion within the plain view exception it must be shown (1) that the initial intrusion which afforded the authorities the "plain view" was lawful; (2) that the discovery of the evidence was inadvertent, and (3) that the incriminating nature of the evidence was "immediately apparent."

*United States v. Wilson*, 524 F.2d 595, 598 (8th Cir. 1975), *cert. denied*, 424 U.S. 945, 96 S.Ct. 1415, 47 L.Ed.2d 351 (1976). This standard is met and it is clear that the District Court was correct in admitting the evidence.

■ Given the circumstances of an unlicensed auto operated by an unlicensed driver possessing apparent contraband, there can be no doubt as to the propriety of Officer Fagg's attempt to identify the vehicle and its owner. Similarly it is clear that discovery of the briefcase and the book was inadvertent.[2] After the white powder had been discovered on Pugh, evidence that he possessed a book on cocaine immediately appeared to be incriminating. At the very least, possession of the book permitted the inference that Pugh knew the nature of the contraband on his person.

Pugh states in his brief, without citing authority, that even if the officer observed the word "Cocaine" on the book in the briefcase, the search of the remaining contents

---

**2.** The fact that the officers used a flashlight does not affect application of the plain view doctrine. *United States v. Hood*, 493 F.2d 677, 680 (9th Cir.), *cert. denied*, 419 U.S. 852, 95 S.Ct. 94, 42 L.Ed.2d 84 (1974); *United States v. Johnson*, 506 F.2d 674 (8th Cir. 1974), *cert. denied*, 421 U.S. 917, 95 S.Ct. 1579, 43 L.Ed.2d 784 (1975).

was improper. We have considered similar contentions before and have found them unconvincing. *Wilson, supra* at 599; *United States v. Blake,* 484 F.2d 50, 57 (8th Cir. 1973), *cert. denied,* 417 U.S. 949, 94 S.Ct. 3076, 41 L.Ed.2d 669 (1974). The seizure of the book and the briefcase containing it was proper. The Government cannot now be penalized because the officer simply opened the briefcase to examine its contents and the book, thereby revealing additional evidence. Pugh's technical argument is rejected. *See also, Gilbert v. United States,* 366 F.2d 923, 932 (9th Cir. 1966), *cert. denied,* 388 U.S. 922, 87 S.Ct. 2123, 18 L.Ed.2d 1370 (1967).

Pugh's main contention on the suppression issue is that the officers' testimony as to the briefcase being partially open is not credible. He claims that it is physically impossible for the briefcase to have been partially open while on the floor of the car and, in any event, it would be impossible for the officer to have read the word "Cocaine" on the book.

■ It is elementary that issues of credibility of witnesses are generally for the trier of fact. In this instance we find nothing that would seriously call into question the officers' testimony. Officer Allen testified that the briefcase was open approximately three inches and was held open by a "piece of paper that had been in the briefcase." He did not observe Officer Fagg open the briefcase. On cross-examination at trial, Officer Allen demonstrated the position of the items he found in the briefcase. After doing so he stated the briefcase would close; however, this does not contradict the testimony of the position of the items in the briefcase when it was on the floor of the car. At that critical time, neither officer observed the contents other than the papers at one corner and the book. Similarly, in view of the size of the print on the book's cover, the officers' testimony is not incredible.

We do not view *United States v. Chadwick,* 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977), as applicable to this case. There the Supreme Court held a warrant was necessary before forcing open and searching a double-locked footlocker that had been seized prior to transportation in an automobile, and while locked had been taken to a federal building. Here the briefcase was partially open and was examined immediately at the arrest scene.

■ Pugh's contention that the evidence of intent to distribute was insufficient is meritless. Possession of equipment to weigh, cut and package drugs is highly probative of a purpose to distribute. Considering the testimony of the police officers and the exhibits admitted, the evidence of guilt was overwhelming.

Judgment affirmed.