UNITED STATES of America, Appellee,

v.

Carl BRISCOE, Appellant.

No. 77–1578.

United States Court of Appeals, Eighth Circuit.

Submitted March 24, 1978.

Decided March 31, 1978.

John R. Wylde, Jr., St. Paul, Minn., on brief, for appellant.

Carl Briscoe, pro se.

Andrew W. Danielson, U. S. Atty., Ann D. Montgomery, Asst. U. S. Atty., and William J. Zwart, Legal Intern, Minneapolis, Minn., on brief, for appellee.

Before LAY, BRIGHT, and ROSS, Circuit Judges.

PER CURIAM.

Carl ("Butter") Briscoe was convicted by a jury of possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). As grounds for reversal of his conviction, Briscoe alleges: (1) prejudicial comments regarding punishment; (2) erroneous exclusion of evidence; (3) insufficient evidence to support the conviction; and (4) insufficient factual allegations in the affidavit accompanying the application for a search warrant. Briscoe also alleges, in a pro se brief, that his counsel's failure to raise these last two points constitutes ineffective assistance of counsel. We affirm the conviction.

The basic facts are not disputed. Executing a search warrant, officers entered Briscoe's apartment and encountered Briscoe, four other persons, and equipment used to

measure, prepare, and inject heroin. Narcotics paraphernalia discovered in the search included a gram scale, several measuring spoons with the edges filed down, three funnels, numerous balloons, common narcotic diluents, two strainers, and an electric blender. Approximately 16 grams of a powder containing heroin and common heroin diluents were found in some of the balloons and on several of the other items.

Briscoe did not present any evidence. His theory at trial, and on appeal, is that the evidence showed joint possession rather than possession with intent to distribute.

*Comments Regarding Punishment.*

■ In instructing the jury, the court stated that the possible penalties for the offense of possession with intent to distribute were greater than those for the lesser included offense of possession.[1] Briscoe's attorney did not specifically object to this reference to possible penalties even though he was given the opportunity to do so after the instructions were given. The error was therefore not preserved and our inquiry is limited to whether the instruction constitutes plain error. Fed.R.Crim.P. 30; *United States v. Eagan*, 516 F.2d 1392, 1393 (8th Cir.), *cert. denied*, 423 U.S. 856, 96 S.Ct. 106, 46 L.Ed.2d 81 (1975); *Wangrow v. United States*, 399 F.2d 106, 118 (8th Cir.), *cert. denied*, 393 U.S. 933, 89 S.Ct. 292, 21 L.Ed.2d 270 (1968). We do not believe it does.

■ The penalty to be imposed upon a convicted defendant is generally not a matter for the jury, and it is proper to caution the jury against any consideration of possible punishment in their deliberations. *Cf. United States v. Smith*, 450 F.2d 312 (3d Cir. 1971), *cert. denied*, 405 U.S. 932, 92 S.Ct. 989, 30 L.Ed.2d 807 (1972). That was the clear import of the given instruction—the jury was not to be concerned about the

difference between the possible penalties for the offense charged and the lesser included offense. The cautionary language used by the court cured any possible error. *See United States v. Smith, supra*, 450 F.2d at 314.

*Exclusion of Evidence.*

Briscoe contends that the trial court erred in excluding evidence that heroin and methadone were found in a search of an apartment contiguous to his, and that an occupant of that apartment gave the officers a key to his apartment.

■ The trial court has broad discretion in determining the relevancy and admissibility of evidence. *United States v. Bad Cob*, 560 F.2d 877, 880 (8th Cir. 1977). It did not abuse that discretion here. Even if the jury would have inferred from the excluded evidence that the heroin in Briscoe's apartment came from next door, as Briscoe contends, the trial court could properly have found that the inference was not relevant to the issue of whether the heroin was obtained for personal use or to distribute. Furthermore, even if logically relevant, the evidence might well have confused the issues and misled the jury. *Cf. Cotton v. United States*, 361 F.2d 673, 676 (8th Cir. 1966); *Fed.R.Evid. 403*.

*Sufficiency of the Evidence.*

■ Briscoe challenges the sufficiency of the evidence to support his conviction. The jury was instructed on the elements of both possession with intent to distribute and the lesser included offense of possession, and found Briscoe guilty of possession with intent to distribute. When viewed in the light most favorable to the government, the evidence supports the jury's verdict, and we must therefore sustain it. *Hamling v. United States*, 418 U.S. 87, 124, 94 S.Ct.

---

1. The entire instruction reads as follows:

Well, you needn't concern yourself about punishment. It is inappropriate for you to do that. You do know, however, that the greater offense is the possession with intent to distribute and the lesser offense is the mere possession. That much you know, *that the possible penalties are greater for one than for the other.* But that shouldn't decide the case for you, either way. You shouldn't talk about it, or think about it or worry about it. That is my worry if there is a conviction. (Emphasis added.)

2887, 41 L.Ed.2d 590 (1974), *quoting Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942).

■ Expert witnesses for the government testified that the amount of heroin found was a rather large supply for an addict to have on hand for personal use. They also explained the use of narcotics paraphernalia to prepare, measure, and package heroin for distribution. Possession of equipment used to weigh, cut, measure, and distribute heroin is evidence of intent to distribute. *United States v. Pugh*, 566 F.2d 626, 628 (1977). Briscoe admitted that he resided in the apartment searched, and indicated that he had used spoons to measure the heroin and place it in the balloons. This evidence supports the jury's verdict.

*Affidavit for Search Warrant.*

Finally, Briscoe contends that the factual allegations in the affidavit accompanying the request for a search warrant were insufficient. A brief examination indicates that this argument is without merit.

■ The affidavit included information received from three unnamed informants, federal and local law enforcement officers, and Briscoe's criminal record. It stated that all three informants were reliable and had recently furnished information which had been corroborated by the affiant, a deputy county sheriff assigned to the Narcotics Division. Two of the informants had made controlled purchases of narcotics for the affiant. All three informants had first-hand knowledge which was sufficient for the magistrate to find probable cause that narcotics and narcotics paraphernalia would be found on the premises. This information was sufficient to establish probable cause for the search. *See, e. g., United States v. Fleming*, 566 F.2d 623, 625 (8th Cir. 1977). Further support came from a statement by an identified law enforcement officer that he knew of a previous controlled purchase allegedly made on the premises in question. *Cf. United States v. Davis*, 557 F.2d 1239,

1247 (8th Cir. 1977). Contrary to Briscoe's assertions, the record does not demonstrate that any of the information was subsequently proved to be untrue.

*Ineffective Assistance of Counsel.*

■ Because Briscoe's attorney submitted a brief which supplemented Briscoe's discussion of issues raised pro se, and this court has considered these issues and found them to be without merit, Briscoe has not shown material prejudice from alleged ineffective assistance of counsel on appeal.[2]

The judgment is affirmed.

---

2.  Briscoe also asserts that his counsel was ineffective in pretrial investigation and at trial, and requests an evidentiary hearing to prove his allegations. Since this issue has not been presented to the trial court, it is not properly before us.