**UNITED STATES of America**

v.

**Walter David COOK, a/k/a "Ice," Robert Panton, a/k/a "Bob Lemon," and Dennis Lynch, Defendants.**

No. 7S 89 Cr. 0346 (SWK).

United States District Court,
S.D. New York.

Sept. 23, 1991.

**756**

Otto G. Obermaier, U.S. Atty., S.D.N.Y. by Henry J. DePippo, Asst. U.S. Atty., for U.S.

Freeman, Nooter & Ginsburg by Lee Ginsburg, New York City, for defendant Walter David Cook.

Marvin Schechter, New York City, for defendant Robert Panton.

Lawrence K. Feitell, New York City, for defendant Dennis Lynch.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

The fourteen count indictment in this criminal case charges defendants with engaging in an extensive heroin trafficking conspiracy. The indictment charges defendant Dennis Lynch with conspiracy to violate the narcotics laws of the United States, specifically, Sections 812, 841(a)(1), and 841(b)(1)(A) of Title 21 of the United States Code.

The general background of the charges contained in the indictment are set forth in the Court's prior opinions in this case, familiarity with which is assumed. *See Unit-*

*ed States v. Rivera,* No. S2 89 Cr. 346, slip op. (S.D.N.Y. April 18, 1990) (1990 WL 52198, 1990 U.S. Dist. LEXIS 4765); *United States v. Rivera,* No. S6 89 Cr. 346, slip op. (S.D.N.Y. September 22, 1990) (1990 WL 139019).

The Government has moved for an order *in limine* prohibiting cross-examination of Government witnesses in a manner calculated to alert the jury to the penalties defendants face on trial. The parties have also requested a ruling, in view of the Court of Appeals' recent decision in *United States v. Giovanelli,* 945 F.2d 479 (2d Cir. 1991), concerning the permissible scope of reference to a trial on the charges contained in an earlier superceding indictment, *United States v. Rivera et al.,* No. S6 89 Cr. 346 (the *"Rivera"* trial), in which a mistrial was declared as to defendant Dennis Lynch.

### A. Reference to Earlier Sentences

■ Counsel for Dennis Lynch has indicated his desire to cross-examine a cooperating co-defendant, Marshall Harrison, concerning his knowledge of the sentences his co-defendants received as a result of their convictions. While it is no doubt proper to cross-examine a cooperating defendant-witness concerning his cooperation and how it may affect his sentence, the penalty that a different co-defendant has received bears no logical relation to a cooperating witness's motive to testify in any particular manner. The sentence George Rivera or any other co-defendant received in connection with the *Rivera* trial is thus irrelevant to Marshall Harrison's possible bias or prejudice. Such testimony should therefore be excluded under Federal Rule of Evidence 402 which provides that evidence which is not relevant is not admissible.

■ Even if arguably relevant, such testimony presents the substantial danger of speculation by the jury and thus of unfair prejudice. The Court would therefore exclude such evidence under Rule 403 as unfairly prejudicial. Disclosure to the jury of the nature of a co-defendant's charge and the sentence received by that co-defendant would reveal the possible penalty for the

offenses with which defendants are charged, and would likely disclose to the jury that a particular offense carries a particular penalty. Such disclosure would inevitably prompt the jurors to speculate about whether a particular defendant will be subject to a particular penalty if convicted. The danger of unfair prejudice is heightened in a case where, as here, non-cooperating co-defendants received sentences including substantial periods of incarceration, in most cases in excess of 120 months.

The function of the jury in a criminal trial is to determine guilt or innocence based upon an impartial consideration of the evidence, unswayed by emotion, fear or prejudice. *See Taylor v. Kentucky,* 436 U.S. 478, 483–85, 98 S.Ct. 1930, 1933–35, 56 L.Ed.2d 468 (1978); *United States v. Umans,* 368 F.2d 725 (2d Cir.1966). Where the jury is permitted to speculate concerning a defendant's possible punishment, a jury cannot properly perform that function. *See Rogers v. United States,* 422 U.S. 35, 95 S.Ct. 2091, 45 L.Ed.2d 1 (1975) (citing *United States v. Glick,* 463 F.2d 491 (2d Cir.1972)); *United States v. Goodface,* 835 F.2d 1233 (8th Cir.1987); *United States v. Briscoe,* 574 F.2d 406 (8th Cir.), *cert. denied,* 439 U.S. 858, 99 S.Ct. 173, 58 L.Ed.2d 165 (1978). Accordingly, with respect to the cross-examination of Marshall Harrison, in order that the jury not ascertain the sentencing range for any particular narcotics trafficking offense charged against defendants now on trial, counsel may neither inquire concerning, nor otherwise indicate to the jury, (a) the precise nature of the offense to which the witness has pleaded guilty, (b) the precise nature of the offense or offenses charged against co-defendants not now on trial, or (c) the sentence received by any co-defendant in this case. Nor shall counsel make any other reference to an offense under Title 21 of the United States Code, by name, acronym or otherwise, or the possible punishment for such an offense, which would permit a juror to determine the penalty or range of possible penalties attaching to an offense with which a defendant in the present trial is charged.

**B. Reference to Prior Trial**

**1. *Cross–Examination of Marshall Harrison***

Defendant Lynch seeks to examine Marshall Harrison concerning his "failure" to testify at the *Rivera* trial. He contends that the circumstances surrounding the Government's failure to call Harrison to testify at the *Rivera* trial are fertile grounds for Harrison's cross-examination, and argues that the Court of Appeals' decision in *Giovanelli* supports this contention. Lynch has submitted a proposed limiting instruction concerning the Government's failure to call Marshall Harrison at the *Rivera* trial which, among other things, generally sets forth counsel's line of cross-examination of Harrison. The proposed instruction provides in relevant part:

[i]t is ... necessary and proper for you to consider on the present trial ... the fact that Marshall Harrison did not give testimony at Mr. Lynch's 1990 trial and was apparently not called as a witness by the Government at that trial.

In this connection, it is the right of the defendants at this trial to inquire into the reasons for the failure of Mr. Harrison to testify at Mr. Lynch's earlier trial when he was apparently otherwise available to be called as a witness by the Government....

. . . .

The failure of Mr. Harrison to have been brought forward by the government at the 1990 trial, or to have come forward on his own in the 1990 trial, thus raises questions touching upon the issue of Mr. Harrison's truthfulness at this time and defense counsel has a right to inquire into these matters....

Proposed Instruction To The Jury Relating To The Failure of Marshall Harrison To Have Testified At the 1990 Trial of Dennis Lynch, dated September 19, 1991, at 1–2.

The Government has requested a ruling that defense counsel not be permitted to refer to the fact that defendant Dennis Lynch was a participant at the earlier trial, or, in the alternative, that the attorneys be

precluded from referring to, or suggesting to the jury through questioning, the outcome of the *Rivera* trial. It argues that by requesting to cross-examine Harrison as to why Harrison was not called at that trial and why he has been called to testify at this trial, Lynch seeks to unduly expand the Court of Appeal's ruling in *Giovanelli.*

Lynch's request to cross-examine Marshall Harrison, who was not a witness at the *Rivera* trial, implicates only a small portion of the Court of Appeals' decision in *Giovanelli.* With respect to cross-examination of two important Government witnesses who had failed to come forward with damaging evidence in earlier proceedings, the Court of Appeals stated:

> [w]e believe that the defendants were entitled to demonstrate that Kathleen Burke and Butch Sullivan had not merely altered or subtly refined their testimony after "prior proceedings" but had done so after prior trials. *We also believe that the defendants should have been permitted to advance the theory that two government witnesses had not simply refused to come forward during "prior proceedings" but had failed to do so during two prior trials.* While the government suggests that the distinction between "trial" and "proceeding" is minimal, surely in the context of this case there was a meaningful—if not profound—difference between the two.

*United States v. Giovanelli,* at 488 (emphasis added). In considering this discussion of the District Court's refusal to permit counsel to indicate that witnesses had failed to come forward during prior "trials," it is significant that this discussion occurs amidst a broader discussion of the prejudicial effect of the District Court's refusal to permit defense counsel to draw to the jury's attention the fact that other witnesses had testified at prior trials, and that such testimony had been given "in a setting as solemn and dignified as the current trial," *id.* at 488, and not merely at an unspecified "prior proceeding." The Court of Appeals undoubtedly sought to emphasize the contextual significance of the wit-

nesses' refusal to testify—that such refusal was in connection with prior trials and not merely "prior proceedings"—and in doing so implicitly acknowledged defendants' right to cross-examine the witnesses concerning their failure and refusal to testify for the Government at the prior trials.

The Government's "failure" to call Marshall Harrison to testify at the *Rivera* trial arises in a context very different from that presented in *Giovanelli.* Most significantly, the defendant has failed to make a *prima facie* showing that Harrison at any time refused to testify at the *Rivera* trial or come forward with evidence damaging to the defendants. To the contrary, Mr. Harrison testified that he signed a cooperation agreement with the Government in April of 1990, several months before the *Rivera* trial began. Thus, unlike *Giovanelli,* where certain witnesses came forward for the first time only after two trials, having "refused to come forward during ... [those] prior trials," *id.,* here the witness came forward in advance of the first trial. The Government indicates, moreover, that it elected not to call Mr. Harrison at the *Rivera* trial and no reluctance on Mr. Harrison's part was responsible for his not testifying there. *See* Letter of Assistant United States Attorney Henry J. DePippo, dated September 19, 1991, at 2. There is thus no evidence of any refusal to testify or failure to come forward with evidence that implicates this narrow aspect of *Giovanelli.*

There is credence to the Government's argument that Lynch seeks not merely to impeach Mr. Harrison's credibility, but to link cross-examination in this trial to the circumstances of the *Rivera* trial in an effort to convey to the jury that consideration of the outcome of that trial should have an effect on its deliberations in this case; if such is not Lynch's intention, the effect of permitting continued reference to the prior trial for purposes unrelated to permitting Lynch to confront witnesses with their own prior statements would nevertheless be highly prejudicial to the Government and potentially, as well, to

Lynch himself.[1]

There are myriad reasons why the Government may elect not to call a particular witness at a particular proceeding. Lynch presents no argument to persuade the Court that the Government's reasons for electing not to call Marshall Harrison at the *Rivera* trial are relevant to any issue in this trial. Assuming, *arguendo*, such reasons were relevant to an issue in this case, there appears to be no basis to find Mr. Harrison competent to testify as to those reasons, as they would not normally be matters within his personal knowledge.

Accordingly, subject to a voir dire of the witness *in camera*, see *Bruton v. United States*, 389 U.S. 818, 88 S.Ct. 126, 19 L.Ed.2d 70 (1967); F.R.E. 103(c), during which counsel will be permitted to inquire concerning any refusal of Marshall Harrison to testify at the *Rivera* trial, the Court holds that the Government's election not to call Marshall Harrison to testify at the *Rivera* trial is relevant neither to any matter to which Harrison has testified on direct examination nor to bias or prejudice. As the testimony would be irrelevant and likely speculative, it shall be excluded under Rules 402 and 602.

■ As the Government properly indicates, Mr. Harrison's mental competence to testify, sympathy for or prejudice against co-defendants, and discussions with other witnesses or co-defendants, are examples of permissible areas of cross-examination. Notwithstanding the Court's refusal to permit counsel unnecessarily to link these areas of inquiry to the circumstances of the *Rivera* trial, Lynch will be permitted to fully explore these areas to the extent that there is legitimate basis to do so, as they may bear on Mr. Harrison's credibility.

### 2. Cross–Examination of Witnesses Who Testified at the Rivera Trial

With respect to prospective witnesses who did testify at the *Rivera* trial, *Giova-*

*nelli* suggests that a defendant must establish a legitimate basis for referring to the prior trial before the court is required to make a determination as to the permissible nature and extent of such references. According to the Court of Appeals there clearly was such a basis in *Giovanelli:*

from the very first day of trial, it was patently clear that the crux of the defense ... would be that key Government witnesses ... had subtly refined their testimony at the various [prior] trials and proceedings. As a result, the ability to confront witnesses with their own prior statements, and to show that those prior statements had been made in a setting as solemn and dignified as the current trial, was of extreme importance to the defense.

At 488. Indeed, in *Giovanelli*, in response to the prosecutor's objections that defense counsel were improperly stressing the dates of the prior proceedings, defense counsel explained to the trial judge that

he was merely trying to show the jury that, with the passage of time, [the witness] had subtly altered his version of [the] events ... [and that] the court's ruling made it extremely difficult to focus [the witness's] attention on any one of his numerous prior statements and thus to demonstrate the inconsistencies in his testimony.

*Id.* at 487–88.

■ In this case, though it is by no means apparent that the defense's main theory will be that Government witnesses have subtly refined their testimony over the course of numerous proceedings (indeed, there has been only one prior trial), it is inevitable that defense counsel will seek to cross-examine Government witnesses as to prior inconsistent statements made during the *Rivera* trial. When that eventuality occurs, consistent with what this Court believes to be the primary focus of *Giovanelli*, the Court will permit defense counsel to inquire of the witness concerning the

---

**1.** There is potential prejudice to each side: the Government's concern is that the jury not be tainted by a prior jury's inability to agree, i.e., if a previous panel of jurors could not agree then there must be reasonable doubt; the defendant's concern is that the jury may infer that the defendant was convicted but that on appeal the conviction was overturned on a technicality. *See* 1 Leonard B. Sand et al., *Modern Federal Jury Instructions* § 2.01, at 2–24.1–25 (1990).

**760**

witness's testimony at "a prior trial." There shall be no reference, however, to the *Rivera* trial as "the prior trial of this case" or as "the prior trial of Mr. Lynch." Similarly, counsel shall not refer to the *Rivera* trial in any manner that might otherwise suggest either that Mr. Lynch was a defendant in the *Rivera* trial or the outcome of that trial.

### CONCLUSION

For the reasons set forth above, the Government's motion for an order *in limine* prohibiting cross-examination of Government witnesses in a manner calculated to alert the jury to the penalties defendants face on trial is granted as set forth herein, and the parties' applications for a ruling concerning the scope of permissible reference to the *Rivera* trial are determined as set forth above.

SO ORDERED.

