**UNITED STATES of America, Appellee,**

v.

**Gregory Wade THOMAS, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**Gloria Lee ARNETT, Appellant.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 17, 1989.

Decided Feb. 7, 1990.

---

Patricia M. Hulting, Des Moines, Iowa, for appellant Gregory Wade Thomas.

David D. Butler, Des Moines, Iowa, for appellant Gloria Lee Arnett.

Ronald M. Kayser, Des Moines, Iowa, for appellee.

Before LAY, Chief Judge, ARNOLD, Circuit Judge, and McMILLAN,* District Judge.

McMILLAN, Senior District Judge.

Gloria Lee Arnett and Gregory Wade Thomas were charged with violating federal narcotics and firearms laws. Arnett was convicted of, and Thomas pleaded guilty to, charges of: (1) conspiracy to distribute cocaine (in violation of 21 U.S.C. § 846); (2) manufacturing cocaine base (in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)); and (3) possessing cocaine base with intent to distribute (in violation of 21 U.S.C. § 841(a)(1)). Thomas also pleaded guilty to: (1) maintaining a residence for the purpose of distributing cocaine (in violation of 21 U.S.C. § 856(a)(1) and (b)); (2) using a firearm during drug trafficking (in violation of 18 U.S.C. § 924(c)(1) and (2)); and (3) and being a felon in possession of a firearm (in violation of 18 U.S.C. § 922(g)(1)). Both Arnett and Thomas were sentenced under the federal sentencing guidelines.

Arnett appeals her *conviction*, arguing that the district court[1] erred in inaccurately instructing the jury with regard to punishment. Thomas appeals his *sentence*, contending that enhancement of his sentence for prior criminal activity under the federal sentencing guidelines violates the double jeopardy clause.

We affirm Arnett's conviction and Thomas's sentence.

## I. BACKGROUND

On December 8, 1988, law enforcement officers entered a Des Moines, Iowa residence pursuant to a search warrant. Inside the house they discovered both Arnett and Thomas, and 428.39 grams of cocaine base, or "crack" cocaine, and equipment used in manufacturing cocaine base. Arnett and Thomas were subsequently charged with conspiracy to distribute cocaine, manufacturing cocaine, possessing cocaine base with intent to distribute, maintaining a "crack" house, and using a firearm in relation to drug trafficking. Thomas was charged separately with being a felon in possession of a firearm.

*Arnett* pleaded not guilty, and was tried in the Southern District of Iowa. Prior to trial, the United States dismissed charges against her of maintaining a crack house and using a firearm. At the conclusion of her trial, Arnett objected to proposed jury instruction number 23, which stated: "The matter of the punishment of a defendant in the event of conviction should not be taken into consideration by you. It is your duty to determine whether the defendant is guilty or not guilty. It is the duty of the Court to determine what her punishment should be in case of conviction." Arnett requested that an alternative instruction be given, which read: "You are instructed that a conviction of defendant will result in her imprisonment for over a decade without possibility of parole." The trial court denied Arnett's request and read instruction number 23. Arnett was convicted of all remaining charges and was sentenced under the federal sentencing guidelines to 121 months imprisonment.

On February 3, 1989, *Thomas* pleaded guilty to all of the six offenses with which

---

\* JAMES B. McMILLAN, Senior United States District Judge for the Western District of North Carolina, sitting by designation.

1. William C. Stuart, United States District Judge for the Southern District of Iowa.

he was charged. Prior to his sentencing hearing, Thomas filed several objections with the court, including an objection that enhancement of his sentence based on his criminal history violated the double jeopardy clause. Thomas raised this objection again at the sentencing hearing, when it was overruled by the court.

At his sentencing hearing, the court found that Thomas had a base offense level of 34, which it adjusted downwards by two points for acceptance of responsibility. However, the court also determined that Thomas had two prior criminal convictions that should be considered in computing his sentence. These were (1) a 1981 conviction for a misdemeanor (battery), for which Thomas had been fined $50 and given a one-year conditional discharge, and (2) a 1986 conviction for a felony (aggravated battery), for which he had served 285 days in prison. The court assigned Thomas three points for his past convictions and elevated his criminal history level to category II, in accordance with the guidelines.

Based on this higher criminal history category, the district court judge sentenced Thomas to a term of 168 months imprisonment for the charges of conspiracy, possession, distribution, and maintaining a "crack" house. He also sentenced Thomas to a *concurrent* 60–month term for being a felon in possession of a firearm, and a *consecutive* five-year term for possessing a firearm during commission of a felony.

## II. ISSUES

### A. Inaccuracy of the Jury Instruction

■ On appeal, Arnett urges that instruction number 23 provided the jury with inaccurate and misleading information. Arnett's first contention is that the challenged instruction was inaccurate because it did not explain in detail to the jury how sentencing procedures would operate under the federal sentencing guidelines—in particular, the loss of parole and the possible term of imprisonment Arnett might receive.

■ The trial court has an obligation to give the jury clear and accurate instructions on the law which it is to apply to the questions before it. *Dranow v. United States*, 307 F.2d 545, 568 (8th Cir.1962). However, in the federal system the traditional role of the jury has been to decide questions of *guilt* or *innocence*, and *not* to determine the proper *punishment* a defendant should receive. *United States v. Goodface*, 835 F.2d 1233, 1237 (8th Cir. 1987). Consequently, sentencing procedures or details regarding a defendant's possible punishment are irrelevant to the issues that a federal jury must decide. To inform a federal jury about a defendant's punishment would only introduce improper and confusing considerations before it.

■ This court has previously held that it is proper for a court to caution the jury not to consider the possible punishment to be given a defendant. *United States v. Goodface; United States v. Briscoe*, 574 F.2d 406, 408 (8th Cir.), *cert. denied* 439 U.S. 858, 99 S.Ct. 173, 58 L.Ed.2d 165 (1978). The court need not instruct the jury that the defendant will receive a mandatory sentence if he or she is found guilty. *United States v. Goodface*, 835 F.2d at 1236. Likewise, a court need not instruct a jury of sentencing procedures or possible punishment when a defendant is to be sentenced under the federal sentencing guidelines. Regardless of changes that the guidelines have made in sentencing procedures, the role of the jury remains the same and is limited to determining the defendant's guilt or innocence. Instruction number 23 properly cautioned the jury not to consider the sentence that might be given Thomas. The district court did not err in refusing to inform the jury of Thomas's possible punishment.

■ Arnett further contends that the federal sentencing guidelines have stripped the trial court of its earlier broad discretion in matters of sentencing, and that the challenged instruction was incorrect in saying that the *court* would determine her sentence. In her view, not the judge nor the jury, but the guidelines commission, is responsible for setting her sentence.

We do not agree with Arnett's interpretation of the sentencing guidelines. The

guidelines restrict, but *do not take away*, the trial court's discretion in determining sentences. The court is responsible for determining the defendant's base offense level and has the power to make adjustments to that figure, according to its judgment. It is the court's role to select the defendant's sentence from the range established for the defendant's particular offense. *See* 18 U.S.C. § 3553(a). The court can also depart from the guidelines range if it finds that aggravating or mitigating circumstances so warrant. *See* 18 U.S.C. § 3553(b); United States Sentencing Commission, *Guidelines Manual*, Ch. 1, Pt.A, intro., 4(b). Although probation officers are required to submit presentence investigations to the court, 18 U.S.C. § 3552(a), the court retains the final responsibility to determine the appropriate sentence to be given to a defendant. Accordingly, instruction number 23 accurately stated the court's duty under the law in setting Arnett's sentence.

B. Enhancement of Thomas's Sentence

█ Thomas contends that enhancing his sentence under the sentencing guidelines for prior criminal activity violates the double jeopardy clause of the Fifth Amendment. Thomas argues that his sentence amounts to multiple punishment for offenses for which he has already been prosecuted and punished, and that this "cumulative" sentencing is not clearly authorized by Congress as required under *Whalen v. United States*, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1979).

█ The double jeopardy clause of the Fifth Amendment protects citizens from "multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). However, the constitutionality of imposing more severe sentences upon defendants who are habitual offenders has been repeatedly upheld against constitutional challenge, including challenges under the double jeopardy clause. *Oyler v. Boles*, 368 U.S. 448, 451, 82 S.Ct. 501, 503, 7 L.Ed.2d 446 (1961); *Gryger v. Burke*, 334 U.S. 728, 732, 68 S.Ct. 1256, 1258, 92 L.Ed.

1683 (1948); *Graham v. West Virginia*, 224 U.S. 616, 623, 32 S.Ct. 583, 585, 56 L.Ed. 917 (1912). Habitual offender statutes do not subject a defendant to a second conviction or punishment for prior offenses. Rather, the repeat offender's prior convictions are considered to be an aggravating factor that justifies imposing a heavier sentence for his or her present offense. *Gryger v. Burke*, 334 U.S. at 732, 68 S.Ct. at 1258; *Goodloe v. Parratt*, 605 F.2d 1041, 1047 (8th Cir.1979).

The federal sentencing guidelines require courts to impose heavier sentences on defendants who have higher criminal history categories. U.S.S.G. Ch. 4, Ch. 5, Pt.A. (Sentencing Table). Courts must take convictions into account only at the time that a defendant is sentenced for his or her *present* offense, and *not* at trial. The defendant's criminal history is considered only for purposes of enhancement and is not also counted with the present offense in calculating the base offense level. In this regard, the guidelines operate no differently than other habitual offender statutes that have been upheld in the past. Consideration of Thomas's prior convictions in determining his punishment does not amount to multiple punishment, and does not violate the double jeopardy clause.

Thomas argues that Congress did not clearly permit misdemeanors to be counted as criminal history, and that counting his prior misdemeanor conviction under § 4A1.2(c) of the guidelines violates the double jeopardy clause because Congress has not authorized this "multiple" punishment. Because this court has decided that Thomas's sentence does not impose multiple punishment upon him, we need not be concerned with whether Congress *expressly* stated that misdemeanors could be considered in enhancing sentences. *Cf. Whalen v. United States*. This court is satisfied that Congress, in 28 U.S.C. § 994(d)(10), gave the sentencing commission the general authority to take relevant "criminal history" into account in developing the sentencing guidelines.

Accordingly, Gloria Lee Arnett's conviction and Gregory Wade Thomas's sentence are affirmed.