**UNITED STATES of America, Appellee,**

v.

**John TERMINI, Appellant.**

**No. 92–2262.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 11, 1992.

Decided May 17, 1993.

Lawrence Pelofsky, Overland Park, KS, for appellant.

Paul S. Becker, Kansas City, MO, for appellee.

Before LOKEN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and ROSENBAUM,[*] District Judge.

ROSENBAUM, District Judge.

John Termini went to trial in the district court[1] on a two-count indictment. The jury trial resulted in a conviction on charges of conducting an illegal gambling business, in violation of 18 U.S.C. § 1955 (Count I), and aiding and abetting a money laundering scheme, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and 18 U.S.C. § 2 (Count

---

[*] The HONORABLE JAMES M. ROSENBAUM, United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable Elmo B. Hunter, United States District Judge for the Western District of Missouri.

II). Termini appeals his conviction on Count II and the sentence imposed.

He claims, first, there was insufficient evidence to prove money laundering; second, there was insufficient evidence to prove that he aided and abetted money laundering; third, the district court erred in denying him a two-level reduction for acceptance of responsibility; and, fourth, the district court erred in denying a four-level reduction for his minimal role in the offense. It is Termini's position that he was punished for exercising his constitutional rights to trial, equal protection, and due process.

We reverse Termini's conviction on Count II, vacate his sentence, and remand for resentencing.

I.

John Termini was a route man for Be Amused Vending and Amusement Company ("Be Amused"). Be Amused placed cigarette machines, jukeboxes, pool tables, and electronic amusement machines in bars and restaurants. These machines included video poker and slot machines. The revenue from the poker and slot machines is at issue in the money laundering charge. Playing these machines for "fun" is legal. But, under Missouri law, see Mo.Rev.Stat. § 572.030 & 572.-070, these machines may not be used for gambling purposes. At trial it was shown that successful video poker and slot machine players could build credits which were recorded by the machine. The trial proof showed that, for certain players, accumulated credits were exchanged by the bar owners for illegal cash payments.

As part of his job, Termini traveled to bars and restaurants to perform services on Be Amused's machines. His duties included collecting proceeds from the machines, restocking cigarette machines, and reimbursing bar owners for the illegal payouts to video machine players. At each such stop, Termini completed a daily "collection report." This report listed separately the proceeds removed from each machine, including those proceeds removed from the video gambling machines. The proceeds from the video poker and slot machines were designated as "video" on the collection report.

All proceeds from the machines, other than those taken from cigarette machines, were commingled at the time of collection. The commingled proceeds were then placed in a collection bag and returned with the collection report to Be Amused. Once he returned to Be Amused, the defendant neither handled the monies nor completed any other paperwork. Be Amused recorded these weekly collections in a yearly report. This report separately identified the proceeds from the video poker and slot machines. All of the monies were eventually deposited into the company's bank account.

On July 24, 1991, a two-count indictment was returned against Termini and five co-defendants. Count I charged Termini and four co-defendants with conducting an illegal gambling business in violation of Missouri state law. Count II charged co-defendants Simone and Moretina with money laundering, and charged Termini and four co-defendants with aiding and abetting the money laundering offense.

All five of Termini's co-defendants plead guilty prior to trial. Co-defendant and fellow route driver Charles Sellaro entered a plea of guilty to both counts. At sentencing, Sellaro received a two-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1(a), and was afforded a four-level reduction based upon his minimal role in the offense, U.S.S.G. § 3B1.2(a).

Termini proceeded to trial and was convicted on both counts. A presentence report (PSR) was prepared and a sentencing hearing was held May 22, 1992. The PSR recommended against granting a two-level reduction for acceptance of responsibility, but did recommend a two-level reduction based upon defendant's minor role in the offense. The district court adopted the PSR's recommendations. Termini was sentenced to a 27 month term of incarceration and a two year term of supervised release on each of Counts I and II, to be served concurrently. In addition, Termini was fined $6,000 on Count II. The Court imposed a special assessment of $50 on each count.

II.

On appeal, Termini does not contest his conviction on the gambling offense in Count

I. It is Termini's contention, however, that the evidence at trial was insufficient to prove the substantive offense of money laundering or, in the alternative, that there was insufficient evidence to prove that the he aided and abetted the money laundering offense.

■ In considering appellant's challenge to the jury's verdict, the evidence must be viewed in the light most favorable to the government, giving the government the benefit of all reasonable inferences. *United States v. Jagim,* 978 F.2d 1032, 1041 (8th Cir.1992). A jury's verdict will be overturned only if the evidence is such that a reasonable-minded jury must have entertained a reasonable doubt as to the government's proof of one of the essential elements of the offense. *United States v. Watson,* 952 F.2d 982, 987 (8th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 1694, 118 L.Ed.2d 406 (1992); *United States v. Sutera,* 933 F.2d 641, 648 (8th Cir.1991). The evidence need not exclude every reasonable hypothesis except that of guilt, it need only be sufficient to convince the jury beyond a reasonable doubt that the defendant is guilty. *United States v. Demery,* 980 F.2d 1187, 1189 (8th Cir. 1992); *United States v. Hardesty,* 645 F.2d 612, 614 (8th Cir.1981).

■ In light of their pleas, it is established that Simone and Moretina engaged in the charged crimes. The evidence at trial demonstrated that illegal gambling receipts were commingled with legitimate Be Amused business receipts in a single bank account. We reject Termini's contention that the evidence of commingling of legal and illegal funds was insufficient to support a jury finding of concealment. *United States v. Posters'n'Things, Ltd.,* 969 F.2d 652, 661 (8th Cir.1992), *cert.*

granted, — U.S. —, 113 S.Ct. 1410, 122 L.Ed.2d 782 (1993).[2]

■ We accept, however, Termini's contention that the evidence is insufficient to sustain a conviction for aiding and abetting money laundering. To prove Termini committed this crime, the government was required to show beyond a reasonable doubt that Termini associated himself with the unlawful financial manipulations, that he participated in them as something he wished to bring about, and that he sought, by his actions, to make the effort succeed. *Posters'n'Things, Ltd.,* 969 F.2d at 661–662; *United States v. Gaines,* 969 F.2d 692, 698 (8th Cir.1992). The government must prove "some affirmative participation which at least encourages the perpetrator." *United States v. Ivey,* 915 F.2d 380, 384 (8th Cir.1990).

The United States contends that Termini's commingling of the illegal funds with the legitimate funds at the time of collection was a significant step in the money laundering scheme. Once delivered to Be Amused, the government argues, the nature and source of the funds had been concealed and the crime was "nearly complete." In the government's view, the use of the term "video" on the weekly collection report supports an inference that Termini, himself, intended to conceal the illegal nature of the proceeds in furtherance of the illegal bank transactions.

We cannot agree. There is no logical nexus between returning the collected funds with a marked record of their various sources and an intentional effort to hide their illegal source. There is no showing whatever that the use of the term "video" gave Termini notice that money laundering was afoot.

---

**2.** Money laundering has historically been an offense committed by financial managers or those with strong economic connections which allowed them to disguise criminal proceeds realized by others. *See, e.g., United States v. Orozco–Prada,* 732 F.2d 1076 (2d Cir.1984), *cert. denied,* 469 U.S. 845, 105 S.Ct. 154, 83 L.Ed.2d 92 (1984); *United States v. Enstam,* 622 F.2d 857 (5th Cir. 1980), *cert. denied,* 450 U.S. 912, 101 S.Ct. 1351, 67 L.Ed.2d 336 (1981); *United States v. Freedson,* 608 F.2d 739 (9th Cir.1979). We note, however, that this crime now seems to have been elevated from its previous status as an uncharged or subordinate offense to a primary offense. *Compare United States v. Sans,* 731 F.2d 1521 (11th Cir.

1984), *cert. denied,* 469 U.S. 1111, 105 S.Ct. 791, 83 L.Ed.2d 785 (1985) *and United States v. Browning,* 723 F.2d 1544 (11th Cir.1984) *and United States v. Terry,* 702 F.2d 299 (2d Cir. 1983), *cert. denied sub nom. Williams v. U.S.,* 461 U.S. 931, 103 S.Ct. 2095, 77 L.Ed.2d 304 (1983) *and United States v. Dean,* 666 F.2d 174 (5th Cir.), *cert. denied,* 456 U.S. 1008, 102 S.Ct. 2300, 73 L.Ed.2d 1303 (1982) *and United States v. Eden,* 659 F.2d 1376 (9th Cir.1981), *cert. denied,* 455 U.S. 949, 102 S.Ct. 1450, 71 L.Ed.2d 663 (1982) *with United States v. Posters'n'Things, Ltd.,* 969 F.2d 652 (8th Cir.1992), *cert. granted,* — U.S. —, 113 S.Ct. 1410, 122 L.Ed.2d 782 (1993).

There is no evidence, and the government does not argue, that the defendant had any involvement beyond the collection of Be Amused's money. The jury may well have disbelieved the defendant's statements that he did not know who counted or deposited the money. (Trial Tr., Vol. III at 47.) But without more, Termini's mere association with Simone and Moretina, or his mere knowledge of their unlawful money laundering activities is legally insufficient to sustain his aiding and abetting conviction. *U.S. v. Duke*, 940 F.2d 1113, 1117 (8th Cir.1991). Accordingly, we reverse the defendant's conviction on Count II and vacate his sentence.

Finally, we touch briefly on the defendant's arguments with regard to acceptance of responsibility. The guidelines provide that a defendant who proceeds to trial to challenge "the applicability of a statute to his conduct" may still qualify for a reduction for acceptance of responsibility. *See* U.S.S.G. § 3E1.1, comment. (n. 2). In light of our reversal on Count II, we are confident that the district court will revisit this issue on remand.