UNITED STATES of America, Appellant,

v.

Regener Levon BOARDS, Appellee.

UNITED STATES of America, Appellant,

v.

Brenda Sue STEELE, Appellee.

UNITED STATES of America, Appellee,

v.

Regener Levon BOARDS, Appellant.

Nos. 93–1397, 93–2538.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 13, 1993.

Decided Dec. 6, 1993.

Rehearing Denied Jan. 4, 1994.

Robert P. Storch, Dept. of Justice, Washington, DC, argued (Rod J. Rosenstein, on the brief), for U.S.

Anthony P. Griffin, Galveston, TX, argued (Jan L. Fry, on the brief), for Regener Boards.

Arkie Byrd, Little Rock, AR, argued, for Brenda Sue Steele.

Before JOHN R. GIBSON, FAGG, and BEAM, Circuit Judges.

FAGG, Circuit Judge.

A federal grand jury indicted Regener Levon Boards and Brenda Sue Steele for their participation in a fraudulent scheme to vote absentee ballots in the November 1990 general election held in Phillips County, Arkansas. The offices to be filled by this election included seats in the United States Senate and House of Representatives and the state legislature. Boards and Steele were charged with conspiracy to give false information about their names to establish eligibility to vote and conspiracy to vote more than once. *See* 18 U.S.C. § 371 (1988); 42 U.S.C. § 1973i(c), (e) (1988). Each woman was also charged individually in several counts with giving false information about her name to establish eligibility to vote and aiding and abetting others in this offense. *See* 42 U.S.C. § 1973i(c) (1988); 18 U.S.C. § 2 (1988). A jury found Boards guilty on all counts and Steele guilty on all but the conspiracy count. The district court granted Boards's motion for judgments of acquittal on three of the false information counts, sustained Boards's convictions on the conspiracy count and one false information count, and granted Steele's motion for judgments of acquittal on all counts. The Government and Boards appeal. We reverse the district court's judgments of acquittal for both Boards and Steele and affirm Boards's other convictions.

In reviewing the district court's grant of Boards's and Steele's motions for acquittal, we must view the evidence in the light most favorable to the jury's verdicts. *United States v. Pardue*, 983 F.2d 835, 845 (8th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 3043, 125 L.Ed.2d 728 (1993). Having applied this standard to the evidence in this case, we conclude a reasonable jury could find beyond a reasonable doubt that Boards and Steele were guilty of the crimes for which they were convicted. *Id.* 983 F.2d at 847. The Government's evidence in this case included the following. Boards and Steele completed absentee ballot applications in the names of other registered voters. Boards forged the voters' signatures on some applications. Steele marked some applications with X's even though the voters were able to sign their own names. In other cases, the voters signed the applications. Without any of the voters' authorizations, however, the applications directed the county clerk to send absentee ballots to a post office box controlled by the candidate for State Representative for whom Boards and Steele were working. Absentee ballots sent to this post office box were voted in favor of the candidate and returned to the county clerk's office without the knowledge or permission of the voters, along with voter statements containing signatures forged by Boards or others.

We first address the district court's decision to acquit Boards and Steele based on its interpretation of § 1973i(c). The pertinent language of § 1973i(c) prohibits "knowingly or willfully giv[ing] false informa-

tion as to [a person's] name ... for the purpose of establishing [the person's] eligibility to register or vote." 42 U.S.C. § 1973i(c) (1988). The district court concluded submission of fraudulent absentee ballot applications using the names of other registered voters does not violate § 1973i(c). In the district court's view, § 1973i(c)'s prohibitions apply only to registering and voting, not to applying for an absentee ballot. We disagree. An absentee ballot application is a "vote" under the Voting Rights Act's broad definition because an absentee voter must first apply for an absentee ballot as a "prerequisite to voting." 42 U.S.C. § 1973l (c)(1) (1988) (defining term "vote"). Thus, § 1973i(c)'s prohibitions include absentee ballot applications.

■ The district court also concluded that a person using a real voter's name on a fraudulent ballot application does not violate § 1973i(c). The district court did not question the criminality of Boards's and Steele's actions, but decided they did not violate § 1973i(c) because they used the names of real registered voters instead of inventing false names. We believe the district court's reading of § 1973i(c) is too narrow. There is no dispute that a person who "gives false information as to [the person's] name ... for the purpose of establishing [the person's] eligibility to ... vote" violates § 1973i(c). This is exactly what Boards and Steele did. Because only registered voters are eligible to apply for and vote absentee ballots, the use of real registered voters' names was essential to the scheme to obtain and fraudulently vote absentee ballots for Boards's and Steele's candidate. Obviously, Boards and Steele could not get the absentee ballots of other real voters by using their own names on the applications. Thus, Boards and Steele "[gave] false information as to [their] name[s]" when they falsely used the names of real registered voters to apply for absentee ballots.

■ The district court further concluded Boards and Steele could not have violated § 1973i(c) because neither woman completed the absentee ballot applications "for the purpose of establishing [her] eligibility to ... vote," but instead to allow their candidate or some other person fraudulently to vote. Because Boards and Steele were also charged as aiders and abettors under 18 U.S.C. § 2, however, they may be held accountable for their candidate's or an unidentified principal's acts of voting the ill-gotten absentee ballots. See United States v. Simpson, 979 F.2d 1282, 1285 (8th Cir.1992), cert. denied, —— U.S. ——, 113 S.Ct. 1345, 122 L.Ed.2d 727 (1993); United States v. Clark, 980 F.2d 1143, 1146 (8th Cir.1992) (government need not prove identity of principal). In sum, the district court should not have granted judgments of acquittal based on § 1973i(c).

As an alternate ground for Steele's judgments of acquittal, the district court held the evidence of Steele's intent to deprive the voters of their ballots was insufficient to support her conviction. As we have already stated, however, we cannot say that a reasonable jury must have entertained a reasonable doubt about the Government's proof. See Pardue, 983 F.2d at 847. Steele testified she was trying to help the registered voters obtain absentee ballots when she marked the applications with X's and directed the absentee ballots be sent to the candidate's post office box. It was the jury's role to evaluate Steele's credibility and demeanor to resolve the issue of Steele's intent. United States v. Long, 952 F.2d 1520, 1525 (8th Cir.1991), cert. denied, —— U.S. ——, 113 S.Ct. 298, 121 L.Ed.2d 222 (1992). The jury could reject Steele's testimony and infer from her actions that she intended someone other than the registered voters obtain and vote the ballots. See United States v. Termini, 992 F.2d 879, 881 (8th Cir.1993) (to support guilty verdict, evidence need not exclude every reasonable explanation except guilt).

■ We also reject the district court's conclusion that Steele could not have intended to deprive the voters of their ballots because she gave the applications to the candidate and had nothing more to do with the scheme. Although Steele's role in the offense was completed when she filled out the applications, the jury could find she actively and intentionally aided and abetted in the voter fraud without personally committing every act of the offense. See United States v.

**590**

*Smith,* 838 F.2d 436, 441 (10th Cir.1988), *cert. denied,* 490 U.S. 1036, 109 S.Ct. 1935, 104 L.Ed.2d 407 (1989); *United States v. Copple,* 827 F.2d 1182, 1187 (8th Cir.1987), *cert. denied,* 484 U.S. 1073, 108 S.Ct. 1046, 98 L.Ed.2d 1009 (1988). Finally, the district court should not have considered Steele's acquittal on the conspiracy charge in setting aside the false information convictions because an acquittal on one count is not grounds to overturn a conviction on another count. *See United States v. Suppenbach,* 1 F.3d 679, 681 (8th Cir.1993).

We now turn to Boards's appeal of her remaining convictions. Boards contends there is insufficient evidence to support her conviction on the false information count based on a forged voter statement. We disagree. The record shows ample evidence from which a reasonable jury could find Boards forged a voter's signature to a voter statement and marked the voter's absentee ballot without authorization in violation of 42 U.S.C. § 1973i(c). Because we affirm this conviction and reverse the judgments of acquittal on her other convictions, we need not address Boards's assertion that her conspiracy conviction must rest on a substantive conviction.

Accordingly, we reverse the judgments of acquittal for Boards and Steele and remand to the district court with instructions to reinstate the jury's verdicts and enter judgments of conviction, and for further proceedings. We also affirm Boards's other convictions.