16 F.3d 1229
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Craig Henry ROGERS, Appellant.
 No. 93-2466.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 31, 1994.
Filed: February 11, 1994.
 
 Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Craig Henry Rogers appeals the 27-month sentence imposed by the district court[1] after Rogers was found guilty of being a felon in possession of firearms in violation of 18 U.S.C. Sec. 922(g)(1). We affirm.
 
 
 2
 Review of the trial testimony indicates that Rogers took the guns from the house in which he was living with a friend and that he gave them to another friend for safekeeping because he believed that his housemate might commit suicide. The district court found Rogers guilty of violating section 922(g)(1), and Rogers does not appeal his conviction. Instead, Rogers argues that the district court clearly erred in denying him a two-level reduction in his offense level for acceptance of responsibility. He contends that he always admitted he possessed the firearms, but his possession should have been excused because of "his moral belief that the preservation of his friend's life necessitated his possession and transfer of the firearms." (Br. at 3.)
 
 
 3
 "The guidelines provide that a defendant who proceeds to trial to challenge 'the applicability of a statute to his conduct' may still qualify for a reduction for acceptance of responsibility." United States v. Termini, 992 F.2d 879, 882 (8th Cir. 1993) (quoting U.S.S.G. Sec. 3E1.1, comment. (n.2)). Nevertheless, we conclude the district court did not clearly err in denying Rogers a two-level reduction because there is nothing in the record to indicate that he accepted responsibility for his actions. See United States v. Schau, 1 F.3d 729, 731 (8th Cir. 1993) (per curiam) (standard of review); United States v. Davila, 964 F.2d 778, 784 (8th Cir.) (no sense of remorse over past conduct), cert. denied, 113 S. Ct. 438 (1992). Rogers had the burden to prove that he was entitled to the reduction, see United States v. Hammer, 3 F.3d 266, 272 (8th Cir. 1993), and this court gives great deference to the district court's acceptance-of-responsibility ruling. See United States v. Miller, 951 F.2d 164, 165 (8th Cir. 1991).
 
 
 4
 Accordingly, the sentence imposed by the district court is affirmed.
 
 
 
 [1]
 The Honorable Russell G. Clark, Senior United States District Judge for the Western District of Missouri