_____

No. 96-3490
_____

United States of America,      *
     *
        Appellee,      *
     *  Appeal from the United States
    v.      *  District Court for the
     *  Northern District of Iowa.
Tyrone Harris,      *
     * (UNPUBLISHED)
        Appellant.      *

_____

Submitted:  March 12, 1997

Filed:  March 24, 1997
_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges.
_____

PER CURIAM.


Tyrone Harris pleaded guilty to possessing cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).  Harris moved for a downward departure under U.S. Sentencing Guidelines Manual § 4A1.3, p.s. (1995), arguing that his criminal history category over-represented the seriousness of his past criminal conduct and the likelihood that he would commit other crimes.  The district court[1] denied Harris's motion, and sentenced him to 87 months in prison and four years supervised release.  Harris appeals, and we affirm.

Harris argues that the district court failed to recognize its full authority to grant a downward departure under section 4A1.3,

_____

[1]The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa.

because it considered only the seriousness of his criminal history and not the likelihood that he would commit further crimes. We disagree. Although the court did not specifically address the likelihood of future criminal activity, we conclude the court was fully aware of the relevant considerations under section 4A1.3 and of its authority to depart from the Guidelines: Harris's counsel and the government both addressed the recidivism factor in their arguments, and the court's statements taken as a whole indicate that it felt this was not an appropriate case for departure. See United States v. Payne, 81 F.3d 759, 765 (8th Cir. 1996) (concluding "overall context" of court's statements indicated it was aware of its authority to depart). Thus, the court's decision not to depart is unreviewable. See id. at 764.

Harris's argument that his Fifth Amendment right against double jeopardy was violated when the district court used his prior convictions to calculate his sentencing range is without merit. See United States v. Thomas, 895 F.2d 1198, 1201 (8th Cir. 1990).

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-