# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-2306

_____

United States of America,        *
                                     *

           Appellee,         *

                                       *    Appeal from the United States

      v.                           *    District Court for the

                                       *    Northern District of Iowa.

Felix Rodriguez-Lara,          *

                                       *        **[UNPUBLISHED]**

           Appellant.       *

_____

Submitted: October 5, 1998
         Filed:   October 8, 1998

_____

Before McMILLIAN, LOKEN, and HANSEN, Circuit Judges.

_____

PER CURIAM.

After Felix Rodriguez-Lara pleaded guilty to illegally reentering the United States after deportation subsequent to an aggravated felony conviction, in violation of 8 U.S.C. § 1326(b)(2), the district court[1] sentenced him to 41 months imprisonment and three years supervised release. Counsel has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), raising challenges to the sentence imposed. We affirm.

_____

[1]The HONORABLE MICHAEL J. MELLOY, Chief Judge, United States District Court for the Northern District of Iowa.

The Anders brief contains a challenge to the district court's adoption of the presentence report's (PSR's) factual findings. Because Rodriguez-Lara did not raise any objection to the PSR's recitation of the facts, however, we conclude the district court did not err. See United States v. Beatty, 9 F.3d 686, 690 (8th Cir. 1993). We also reject Rodriguez-Lara's argument that the district court erroneously adopted the PSR's recommended application of the Guidelines, as Rodriguez-Lara stipulated in his plea agreement to the offense level computation, see United States v. Massey, 57 F.3d 637, 637-38 (8th Cir. 1995) (per curiam), and the district court did not erroneously compute Rodriguez-Lara's criminal history score.

In the Anders brief, counsel argues for the first time that Rodriguez-Lara's Fifth Amendment right against double jeopardy was violated when the district court used his prior convictions to calculate his sentencing range and criminal history category. After carefully reviewing the record, we conclude the district court did not plainly err. See United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993) (en banc); United States v. Shaw, 26 F.3d 700, 700-01 (7th Cir. 1994); United States v. Thomas, 895 F.2d 1198, 1201 (8th Cir. 1990); United States v. Wright, 891 F.2d 209, 212 (9th Cir. 1989).

Upon review of the record in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-