# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3906

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Minnesota. |
| Jesus Jimenez-Serrato, | * | |
| | * | |
| Appellant. | * | |
| | * | |

_____

Submitted: May 15, 2003

Filed: July 17, 2003

_____

Before MORRIS SHEPPARD ARNOLD and HANSEN, Circuit Judges, and READE,[1] District Judge.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Jesus Jimenez-Serrato appeals his conviction in the district court[2] for conspiracy to distribute methamphetamine, *see* 21 U.S.C. §§ 841(a)(1), 846, and

_____

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa, sitting by designation.

[2]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

aiding and abetting possession with intent to distribute methamphetamine, *see* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846; 18 U.S.C. § 2. We affirm.

Mr. Jimenez-Serrato argues that the evidence produced at his trial was insufficient to sustain his convictions. We view the evidence in the light most favorable to the verdict, giving the government the benefit of all reasonable inferences. *United States v. Peterson*, 223 F.3d 756, 759 (8th Cir. 2000), *cert. denied* 531 U.S. 1175 (2001). "We will reverse the conviction only if we can conclude from the evidence that a reasonable fact finder must have entertained a reasonable doubt about the government's proof concerning one of the essential elements of the crime." *United States v. McCarthy*, 97 F.3d 1562, 1568 (8th Cir. 1996), *cert. denied*, 519 U.S. 1139 (1997).

We turn to the evidence before the jury in this case. Mr. Jimenez-Serrato and his common-law wife, Irma Esquivel-Gonzalez, lived in a mobile home. When the water pipes at their home froze, Ms. Esquivel-Gonzalez contacted a plumber. The plumber, in the course of working on the frozen water pipes, opened a panel on the exterior of the home to access the water heater. The plumber then discovered two one-pound bundles of methamphetamine hidden in the insulation surrounding the water heater. The plumber took one of the bundles of methamphetamine to the police station and officers returned with a search warrant. In addition to the second pound of methamphetamine stashed in the insulation surrounding the water heater, the officers discovered paraphernalia associated with drug use throughout the home. In Mr. Jimenez-Serrato's room they found a small cardboard box containing $3400 in cash and a safe deposit box key; an identical key was found in the dresser. Inside the safe deposit box, which Mr. Jimenez-Serrato and Ms. Esquivel-Gonzalez had rented several months earlier, the officers discovered $35,600 in cash.

Mr. Jimenez-Serrato contends that the evidence produced at trial was insufficient to support a conclusion, beyond a reasonable doubt, that he participated

in a criminal conspiracy. We do not agree. In order to convict a defendant of conspiracy, the government must demonstrate that the defendant "entered an agreement with at least one other person with the objective to violate the law." *United States v. Hernandez*, 986 F.2d 234, 236 (8th Cir. 1993). "The agreement need not be shown to have been explicit. It can instead be inferred from the facts and circumstances of the case." *Iannelli v. United States*, 420 U.S. 770, 777 n.10 (1975).

We believe that the evidence was more than sufficient to sustain Mr. Jimenez-Serrato's conspiracy conviction. At trial, Ms. Esquivel-Gonzales testified that after her arrest, Mr. Jimenez-Serrato's brother Luis admitted to her that he (Luis) had hidden the methamphetamine in the water heater compartment. Ms. Esquivel-Gonzalez also testified that in the past, Luis and Mr. Jimenez-Serrato had an agreement to have drug packages delivered to the mobile home. (Ms. Esquivel-Gonzales was in fact convicted of a controlled substance crime in 1997 after signing for one of Luis's packages, containing eleven pounds of marijuana, at the home.) Ms. Esquivel-Gonzalez further testified that Mr. Jimenez-Serrato admitted to her that he was hiding Luis's drug money in the safe deposit box. She also testified that after the arrest, she heard Luis instruct Mr. Jimenez-Serrato to say that it was his (Mr. Jimenez-Serrato's) money and that he was hiding it in the safe deposit box to avoid paying child support to another woman.

Mr. Jimenez-Serrato posits alternate contexts for and inferences to be drawn from these facts. We reject his arguments, however, because the jury's verdict must be upheld if *any* rational interpretation of the evidence, regardless of countervailing evidence, would allow a reasonable-minded jury to conclude guilt beyond a reasonable doubt. *See United States v. Sadler*, 234 F.3d 368, 372 (8th Cir. 2000); *United States v. Hood*, 51 F.3d 128, 129 (8th Cir. 1995). Even where the evidence "rationally supports two conflicting hypotheses, the reviewing court will not disturb the conviction." *United States v. Burks*, 934 F.2d 148, 151 (8th Cir. 1991). The jury was entitled to credit Ms. Esquivel-Gonzalez's testimony, and we believe that the

evidence in this case amply supports the jury's determination that Mr. Jimenez-Serrato knowingly contributed his efforts to the objectives of a conspiracy.

Mr. Jimenez-Serrato also contends that the evidence produced at trial was insufficient to support a conclusion, beyond a reasonable doubt, that he aided and abetted the possession with intent to distribute methamphetamine. We again disagree. In addition to the evidence rehearsed above (such as Mr. Jimenez-Serrato's acknowledgment that he was hiding Luis's drug money, together with the large quantity of methamphetamine stashed in the water heater compartment of Mr. Jimenez-Serrato's home), we note that officers found drug paraphernalia and a piece of purple saran wrap in the trash outside the entrance to the mobile home's lot; the two bundles of methamphetamine found in the water heater compartment were wrapped in purple saran wrap. Giving the government the benefit of all reasonable inferences from the credible evidence, as we must, we cannot conclude that a reasonable jury would have had to entertain a reasonable doubt about Mr. Jimenez-Serrato's guilt. We therefore reject his challenge to his conviction for aiding and abetting the possession with intent to distribute methamphetamine.

For the reasons indicated, we affirm Mr. Jimenez-Serrato's convictions.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.