# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3288

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Refugio Gadea Pliego, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: June 9, 2009
Filed: August 31, 2009

_____

Before SMITH, and SHEPHERD, Circuit Judges, and LIMBAUGH,[1] District Judge.

_____

SMITH, Circuit Judge.

Refugio Gadea Pliego was convicted of producing child pornography, in violation of 18 U.S.C. § 2251(a) and (e), for secretly videotaping a sexual encounter he had with a 14-year-old boy. On appeal, Pliego argues that (1) there was insufficient evidence to support the jury's determination that he produced child pornography using materials that had traveled in interstate or foreign commerce; (2) the district court[2]

_____

[1] The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri, sitting by designation.

[2] The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

erred in refusing to instruct the jury that knowledge of the victim's age is an element of § 2251(a); (3) the district court erred in ruling that he could not raise his lack of knowledge of the boy's age as an affirmative defense; and (4) § 2251(a) exceeds Congress's authority under the Commerce Clause. We reject Pliego's arguments and affirm the judgment of the district court.

## I. *Background*

Sometime in 2006 or 2007, Pliego, then 28, invited four young males, including 14-year-old V.A.P., to his Minneapolis apartment for a party. During the course of the evening, Pliego performed oral sex on V.A.P. Approximately two days later, Pliego telephoned V.A.P. and invited him and the other boys to return to his apartment. After arriving at Pliego's apartment, three of the boys entered Pliego's bedroom, where Pliego played some pornographic films. Eventually, V.A.P. and Pliego were alone in the bedroom; Pliego performed oral sex on V.A.P., and the two engaged in intercourse. Unknown to V.A.P., Pliego recorded their sexual encounter with a hidden video camera.

On August 20, 2007, police officers executed a search warrant at Pliego's apartment. Officers seized an 8mm videotape containing footage of Pliego's sexual encounter with V.A.P. from the bottom drawer of a dresser in Pliego's bedroom. Officers also seized an 8mm video camera from the bedroom of Pliego's housemate. On January 8, 2008, a superseding indictment was filed charging Pliego with one count of producing child pornography, in violation of 18 U.S.C. § 2251(a) and (e).

Prior to trial, Pliego filed a motion requesting that the district court require the government to prove knowledge of V.A.P.'s age as an element of the charged offense and to allow Pliego to raise mistake of age as an affirmative defense. The court denied Pliego's motion.

At Pliego's jury trial, a special agent with the Minnesota Bureau of Criminal Apprehension (MBCA) testified that he viewed the 8mm videotape seized from the bottom drawer of Pliego's dresser. According to the special agent, the videotape is approximately two hours in length and consists of 14 or 15 scenes, one of which contains footage of Pliego's sexual encounter with V.A.P. That scene, which is more than 30 minutes in length, shows Pliego making adjustments to the camera in a bedroom. Three young males then enter the room and sit on a bed, presumably watching television. After two of the boys leave the room, Pliego and V.A.P. engage in hand-to-genital, mouth-to-genital, and genital-to-anal contact. The special agent testified that the scene is somewhere in the middle of the videotape and that it is interrupted by other scenes at certain junctures. The special agent stated that it is common for child pornography to be spliced onto videotapes containing other material, but he explained that he could not determine whether the scene at issue was placed onto the videotape and that he undertook no forensic analysis to determine if the scene was spliced onto the videotape.

Another MBCA special agent who participated in the execution of the search warrant at Pliego's apartment testified that he found no evidence of video editing devices, no evidence of devices that could be used to transfer or copy 8mm media, and no evidence that videotapes had been cut and put back together. An employee of TDK Corporation—the manufacturer of the videotape—testified that the 8mm videotape was imported from Japan and distributed from either California or Georgia.

Pliego requested the district court to instruct the jury that knowledge of the victim's age is an element of § 2251(a). The court interpreted Pliego's request as an objection to the court's proposed instructions and overruled the objection. The jury found Pliego guilty, and the district court sentenced him to 180 months' imprisonment, the statutory minimum under § 2251(e), followed by supervised release for life.

II. *Discussion*

A. *Sufficiency of the Evidence*

Pliego's primary argument on appeal is that there was insufficient evidence to support the jury's determination that he produced child pornography using materials that had traveled in interstate or foreign commerce. We "review[] the sufficiency of the evidence de novo, viewing the evidence in the light most favorable to the verdict. Reversal of a conviction is proper only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt." *United States v. Kent*, 531 F.3d 642, 651–52 (8th Cir. 2008) (internal citation omitted). We "resolv[e] any evidentiary conflicts in the government's favor," *United States v. Jourdain*, 433 F.3d 652, 656 (8th Cir. 2006), and "giv[e] the government the benefit of all reasonable inferences," *United States v. Termini*, 992 F.2d 879, 881 (8th Cir. 1993).

Pliego was convicted of violating 18 U.S.C. § 2251(a), which provides as follows:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e) . . . if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means . . . .

Pliego concedes that the government established that the 8mm videotape seized from his bedroom dresser was manufactured outside of Minnesota, but he argues that the government failed to prove "that this was the tape that was used to produce the visual depiction at issue in the case." Pliego emphasizes that the MBCA special agent who reviewed the videotape testified that (1) he could not determine whether the scene at issue was placed onto the videotape, (2) he undertook no forensic analysis to

-4-

determine if the scene was spliced onto the videotape, and (3) it is common for child pornography to be spliced onto videotapes containing other material. But Pliego points to no evidence in the record supporting his conjecture that the footage of his sexual encounter with V.A.P. was originally produced using another recording device.

The evidence supports the jury's verdict. The 8mm videotape was found in the very same room where Pliego videotaped his sexual encounter with V.A.P., an 8mm video camera was found elsewhere in Pliego's apartment, and there was no evidence of video editing equipment in the apartment. "The government's evidence need not exclude every reasonable hypothesis of innocence," and "[i]f the evidence rationally supports two conflicting hypotheses, the reviewing court will not disturb the conviction." *United States v. Serrano-Lopez*, 366 F.3d 628, 634 (8th Cir. 2004) (internal quotations, alteration, and citations omitted). Indeed, "the jury's verdict must be upheld if *any* rational interpretation of the evidence, regardless of countervailing evidence, would allow a reasonable-minded jury to conclude guilt beyond a reasonable doubt." *United States v. Jimenez-Serrato*, 336 F.3d 713, 715 (8th Cir. 2003). We are convinced that a reasonable jury could have found beyond a reasonable doubt that the 8mm videotape seized from Pliego's bedroom dresser was the videotape used to record Pliego's sexual encounter with V.A.P.[3]

## B. *Jury Instruction*

Pliego next argues that the district court erred in refusing to instruct the jury that knowledge of the victim's age is an element of § 2251(a). "We review a district court's formulation of jury instructions for abuse of discretion and consider whether the instructions 'correctly state the applicable law.'" *United States v. Walker*, 428 F.3d 1165, 1171 (8th Cir. 2005) (quoting *United States v. Milk*, 281 F.3d 762, 768 (8th Cir. 2002)).

---

[3] In light of this holding, we need not consider the government's argument that Pliego's conviction should be upheld even if he copied or spliced the footage onto the videotape.

Pliego concedes that § 2251(a) does not contain an express scienter requirement, but he relies on *United States v. X-Citement Video, Inc.*, 513 U.S. 64 (1994), in support of his position that knowledge of the victim's age is an element of the offense and that the jury should have been instructed accordingly. In *X-Citement Video*, the Supreme Court considered whether knowledge of the victim's age is an element of 18 U.S.C. § 2252(a), which prohibits the interstate or foreign transport, shipment, receipt, distribution, and reproduction of visual depictions of minors engaged in sexually explicit conduct. *Id*. at 65–66. The Court held that knowledge of the victim's age is an element of § 2252(a), despite acknowledging that this conclusion is inconsistent with "[t]he most natural grammatical reading" of the statute. *Id.* at 66, 68, 78. The Court emphasized that its prior cases "suggest that a statute completely bereft of a scienter requirement as to the age of the performers would raise serious constitutional doubts." *Id.* at 78.

Pliego misreads *X-Citement Video*. The Supreme Court distinguished § 2251(a), the statute at issue in this case, from § 2252(a). First, the Court noted that it had previously observed that the common law presumption of mens rea "expressly excepted 'sex offenses, such as rape, in which the victim's actual age was determinative despite defendant's reasonable belief that the girl had reached age of consent.'" *Id.* at 72 n.2 (quoting *Morissette v. United States*, 342 U.S. 246, 251 n.8 (1952)). The Court explained that, "as in the criminalization of pornography production at 18 U.S.C. § 2251, the perpetrator confronts the underage victim personally and may reasonably be required to ascertain that victim's age." *Id.* (internal citation omitted).

Additionally, in considering the legislative history of § 2252, the Court observed that a Senate Conference Committee Report noted that the deletion of the word "knowingly" from § 2251(a) "reflect[ed] an 'intent that it is not a necessary element of a prosecution that the defendant knew the actual age of the child.'" *Id.* at 76 (quoting S. Conf. Rep. No. 95-601, at 5 (1977)). Emphasizing that "the new bill

retained the adverb 'knowingly' in § 2252," the Court explained "[t]he difference in congressional intent with respect to § 2251 versus § 2252" as follows:

> The difference . . . reflects the reality that producers are more conveniently able to ascertain the age of performers. It thus makes sense to impose the risk of error on producers. Although producers may be convicted under § 2251(a) without proof they had knowledge of age, Congress has independently required both primary and secondary producers to record the ages of performers with independent penalties for failure to comply.

*Id.* at 76 & n.5 (internal citation omitted).

In light of the differing natures of the conduct proscribed by §§ 2251 and 2252, the legislative history of the statutes, and the Supreme Court's explicit statement that a defendant may be convicted under § 2251(a) without proof that he or she had knowledge of the victim's age, Pliego's reliance on *X-Citement Video* is unavailing. We hold that the district court did not abuse its discretion in refusing to instruct the jury that knowledge of the victim's age is an element of § 2251(a).[4]

---

[4] Other federal appellate courts that have considered this issue have likewise concluded that § 2251(a) does not contain a scienter requirement. *See United States v. Johnson*, 376 F.3d 689, 693 (7th Cir. 2004) (noting "that the commission of the completed offense under § 2251(a) . . . contains no requirement that the defendant know that the performer is a minor"); *United States v. Griffith*, 284 F.3d 338, 349 (2d Cir. 2002) (relying on *X-Citement Video* to reject the defendants' "argument that the district court's charge to the jury omitting scienter of age under § 2251(a) was erroneous"); *United States v. Crow*, 164 F.3d 229, 236 (5th Cir. 1999) (holding that the district court did not commit plain error in failing to instruct the jury that the defendant had to know that the victim was a minor in order to be convicted under § 2251(a)); *cf. United States v. Deverso*, 518 F.3d 1250, 1257 (11th Cir. 2008) (holding that the district court did not err in refusing to give a mistake-of-age-defense jury instruction because "knowledge of age is not an element of [§ 2251(c)]").

## C. *Affirmative Defense*

Pliego also argues that the district court erred in ruling that he could not raise his lack of knowledge of V.A.P.'s age as an affirmative defense, relying on *United States v. United States District Court for the Central District of California*, 858 F.2d 534 (9th Cir. 1988). In that case, the Ninth Circuit held that, although "[t]he defendant's awareness of the subject's minority is not an element of" § 2251(a), "the [F]irst [A]mendment requires a reasonable mistake of age defense." *Id.* at 538, 542.

But in *United States v. Wilson* we declined to adopt the Ninth Circuit's rationale and rejected the defendant's argument "that not allowing a reasonable-mistake-of-age defense to charges under section 2251(a) makes the statute overbroad, thereby chilling protected speech in violation of the First Amendment." 565 F.3d 1059, 1067–69 (8th Cir. 2009). First, we explained that "[t]he analogy of producers to statutory rapists serves to overcome the background presumptions of *mens rea* and scienter." *Id.* at 1069. Second, we stated that "given the opportunity producers have to verify the age of the actors they employ, we do not think the risk of error or fraud in determining someone's age is significant enough to chill 'a substantial amount of protected speech . . . .'" *Id.* (quoting *Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 255 (2002)). We concluded that "[t]hese two factors, combined with the strong interest the state has in protecting children from sexual exploitation, fatally undermine[d] [the defendant's] First Amendment claim." *Id.* We thus held "that the First Amendment does not require a reasonable-mistake-of-age defense to charges of producing child pornography in violation of section 2251(a)." *Id.*

In light of *Wilson*, we hold that the district court did not err in ruling that Pliego could not raise his lack of knowledge of V.A.P.'s age as an affirmative defense.

## D. *Commerce Clause*

Finally, Pliego argues that § 2251(a) exceeds Congress's authority under the Commerce Clause. But we have previously upheld the validity of § 2251 against

Commerce Clause attack. *See, e.g.*, *United States v. Betcher*, 534 F.3d 820, 824 (8th Cir. 2008) (rejecting the defendant's argument that "the mere transportation across state or international lines of cameras used in the manufacture of child pornography does not constitute an impact upon interstate commerce sufficient to form a jurisdictional basis upon which Congress could validly prohibit the charged conduct under its Commerce Clause powers"). Pliego's argument that § 2251(a) exceeds Congress's authority under the Commerce Clause is without merit.

### III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____