# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3804

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of North Dakota. |
| | * | |
| Darren Michael Henry, | * | [UNPUBLISHED] |
| | * | |
| Defendant-Appellant. | * | |

_____

Submitted: October 22, 2010
Filed: November 30, 2010

_____

Before MURPHY, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Darren Michael Henry appeals his convictions for sexual exploitation of a minor and possession of material involving the exploitation. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Suspecting that Henry was involved in an inappropriate relationship with minor S.L., her mother contacted law enforcement. The North Dakota Bureau of Criminal Investigation ("BCI") seized Henry's computer. Forensic analysis revealed sexually explicit images of S.L.; accompanying data indicated that at least one image was taken with a Canon PowerShot SX100 camera. After obtaining another warrant, BCI seized a camera of this model from Henry's home.

A two-count indictment charged Henry with sexual exploitation of a minor, 18 U.S.C. §§ 2251(a), 2251(e), and possession of material involving sexual exploitation of a minor, 18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2). The jury convicted on both counts. The sexual exploitation count carried a 180-month mandatory minimum sentence. 18 U.S.C. § 2251(e). The district court[1] sentenced Henry to 180 months' imprisonment, 60 months' supervised release, and a $200 special assessment.

Both crimes have an interstate or foreign commerce element. 18 U.S.C. §§ 2251(a), 2252(a)(4)(B). Henry challenges the sufficiency of the evidence that the electronic devices he used moved in interstate or foreign commerce. "We 'review[] the sufficiency of the evidence de novo, viewing the evidence in the light most favorable to the verdict. Reversal of a conviction is proper only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt.'" *United States v. Pliego*, 578 F.3d 938, 941 (8th Cir. 2009) (quoting *United States v. Kent*, 531 F.3d 642, 651-52 (8th Cir. 2008)).

At trial, a BCI Special Agent testified that he dismantled the computer and photographed its hard drive, which stored the sexually explicit images. A label on the hard drive indicated that it was manufactured in Singapore. The Agent also testified that he examined a tag on the camera, which indicated Japan as its place of manufacture. The district court received the camera and a photograph of the hard drive in evidence. While the camera and hard drive could conceivably have acquired the country labels without moving in foreign commerce, the government receives "'the benefit of all reasonable inferences.'" *Pliego,* 578 F.3d at 941 (quoting *United States v. Termini*, 992 F.2d 879, 881 (8th Cir. 1993)). A reasonable jury could

---

[1] The Honorable Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota. The Honorable Daniel L. Hovland stepped down as Chief Judge on October 31, 2009.

conclude beyond a reasonable doubt that the camera and hard drive bore the country labels because they originated abroad.

Henry also argues that the district court should have informed the jury of the exploitation count's mandatory minimum. "'We review a district court's formulation of jury instructions for abuse of discretion and consider whether the instructions correctly state the applicable law.'" *Pliego*, 578 F.3d at 942 (quoting *United States v. Walker*, 428 F.3d 1165, 1171 (8th Cir. 2005). Henry points to *United States v. Polizzi*, 549 F. Supp. 2d 308 (E.D.N.Y. 2008), which like this case involved child pornography. After initially refusing to instruct on the mandatory minimum, the district court eventually granted a new trial, reasoning that given the defendant's specific characteristics, the Sixth Amendment entitled the defendant to have the jury informed of the applicable sentence. *Polizzi*, 549 F. Supp. 2d at 440, 446. On appeal, the Second Circuit vacated, holding that while instructing juries on mandatory minimum sentences may be appropriate under some circumstances, the defendant there had no right to a new trial. *United States v. Polouizzi*,[2] 564 F.3d 142, 159-63 (2d Cir. 2009).

In this circuit, "[t]he court need not instruct the jury that the defendant will receive a mandatory sentence if he or she is found guilty." *United States v. Thomas*, 895 F.2d 1198, 1200 (8th Cir. 1990) (citing *United States v. Goodface*, 835 F.2d 1233, 1236 (8th Cir. 1987)). After *Thomas*, the Supreme Court recognized that informing the jury of the consequences of a verdict may be appropriate under "limited circumstances." *Shannon v. United States*, 512 U.S. 573, 587 (1994). Henry has not shown that his case involves such circumstances.

Accordingly, we affirm.

_____

---

[2] The captions in the district court and the Second Circuit spelled the defendant's name differently.