# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3114

_____

United States of America

*Plaintiff - Appellee*

v.

Kevin Ray Smith

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: April 16, 2020
Filed: July 29, 2020
[Unpublished]

_____

Before KELLY, WOLLMAN, and STRAS, Circuit Judges.

_____

PER CURIAM.

Kevin Ray Smith pleaded guilty to conspiring to distribute a mixture or substance containing methamphetamine. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 846. Based on two prior drug convictions, the district court[1]

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

concluded that he was a career offender. *See* U.S.S.G. § 4B1.1. On appeal, Smith claims that considering his prior convictions violated the Double Jeopardy Clause and gave rise to a substantively unreasonable sentence. We affirm.

We make short work of Smith's double-jeopardy argument. As we have long held, giving "habitual offenders" a longer sentence based on their past crimes "do[es] not subject [them] to a second conviction or punishment for [their] prior offenses." *United States v. Thomas*, 895 F.2d 1198, 1201 (8th Cir. 1990); *accord Witte v. United States*, 515 U.S. 389, 400 (1995); *see* U.S. Const. amend. V, cl. 2. Rather, it is a permissible recidivism-based "aggravating factor" for their current offense. *Thomas*, 895 F.2d at 1201; *see Witte*, 515 U.S. at 400 (describing "the latest crime" as "an aggravated offense because a repetitive one" (citation omitted)).

It was also reasonable for the district court to rely on Smith's career-offender status when it gave him a below-Guidelines-range sentence of 160 months in prison. *See United States v. Scott*, 818 F.3d 424, 435–36 (8th Cir. 2016); *see also United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (reviewing a substantive-reasonableness challenge for an abuse of discretion). Even if he believes that it was "unfair[]" to rely on his prior convictions, there was no error in doing so. *See United States v. Barron*, 557 F.3d 866, 870–71 (8th Cir. 2009). Nor was it an abuse of discretion for the court, after granting a substantial departure from the recommended range of 262 to 327 months in prison, *see* U.S.S.G. § 5K1.1, to decline to vary downward even further. *Cf. United States v. Zauner*, 688 F.3d 426, 429 (8th Cir. 2012) (stating that a district court rarely abuses its discretion when it varies downward, but not as far as the defendant would like).

We accordingly affirm the judgment of the district court.

_____