# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 22-3226

———————————————

United States of America,

*Plaintiff - Appellee*,

v.

Terry Lee Miksell,

*Defendant - Appellant.*

——————————

Appeal from United States District Court
for the Western District of Missouri - Joplin

——————————

Submitted: April 24, 2023
Filed: April 27, 2023
[Unpublished]

——————————

Before LOKEN, COLLOTON, and BENTON, Circuit Judges.

——————————

PER CURIAM.

Tyler Miksell appeals after a jury found him guilty of sexually exploiting and enticing a minor, and the district court[1] sentenced him to life in prison. His counsel

———————————————

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

has moved to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), and Miksell has filed a pro se brief.

Miksell argues that the district court erred in denying his motion to dismiss for selective prosecution. We conclude that there was no error: Miksell did not allege any facts indicating that his prosecution was based on an impermissible motive. *See Flowers v. City of Minneapolis*, 558 F.3d 794, 798-800 (8th Cir. 2009); *United States v. Kelley*, 152 F.3d 881, 886 (8th Cir. 1998).

We also conclude that the evidence presented at trial was sufficient to find Miksell guilty on both counts. *See United States v. Pliego*, 578 F.3d 938, 941 (8th Cir. 2009) (standard of review). As to his conviction for sexually exploiting a minor, the evidence showed that G.M. was 16 when she sent Miksell illicit images because he repeatedly asked for them, and that Miksell asked G.M. to send him images of herself in specific positions with the intent that she send him those images. *See* 18 U.S.C. § 2251(a); *United States v. Frommelt*, 971 F.3d 823, 828 (8th Cir. 2020). On the conviction for coercing and enticing a minor, the evidence showed that Miksell repeatedly asked G.M. to have sex with him via internet-based messages, discussed when G.M. would get her driver's license so she could sneak out to see him, and engaged in sexual contact with G.M. *See* 18 U.S.C. § 2422(b); *United States v. Patten*, 397 F.3d 1100, 1102-03 (8th Cir. 2005).

We decline to consider on direct appeal Miksell's claims that counsel was ineffective, as the record is not adequately developed. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006). We have also independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and we find no non-frivolous issues for appeal. Accordingly, we affirm, and we grant counsel's motion to withdraw.

_____